# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-00383-COA

ALPHONZO CORTEZ GARTH A/K/A
ALPHONZO GARTH A/K/A ALPHONZO C.
GARTH

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/25/2013 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RODNEY A. RAY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF MORE THAN THIRTY GRAMS OF COCAINE AND SENTENCED TO TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH AN ADDITIONAL FIVE YEARS OF POST-RELEASE SUPERVISION |
| DISPOSITION: | AFFIRMED: 06/02/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1. Alphonozo Garth was convicted of the possession of more than thirty grams of cocaine. On appeal, he contends that the drugs were found following an illegal search incident to his arrest. However, the record indicates his arresting officers had a different

justification for the warrantless search: probable cause based on a drug-sniffing dog alerting to illegal drugs at the driver's door of Garth's automobile. We find that the trial court did not abuse its discretion in denying Garth's motion to suppress, so we affirm.

## FACTS

¶2. Garth and another man were sitting in a vehicle outside some apartments in West Point, Mississippi. Garth was in the driver's seat and the other man in the passenger's seat. Police were searching for the other man after a complaint that he had been involved in a disturbance at the apartments and was still outside, sitting in a vehicle. The officers spoke to Garth, who provided identification to prove he was not the man they were looking for. When the officers went to speak to the passenger, one noticed that Garth had an open container of an alcoholic beverage between his legs. At this point, Garth exited the vehicle, hitting one of the officers with the door, and then attempted to strike the officer. The officer defended himself, and during the tussle, Garth threw a clear plastic bag that contained something white, which was picked up by a bystander who escaped with it.

¶3. Garth was arrested for assaulting the police officer and taken away from the scene. A drug-sniffing dog was brought to look for narcotics, and, while walking past the driver's door of Garth's vehicle, it "alerted" to the presence of illegal drugs. The officer attending the dog then opened the door and found what was later determined to be 37 grams of cocaine in a pocket on the driver's door. The officers also found digital scales and an additional 2.7 grams of cocaine in the center console.

¶4. The officers also found a large amount of cash in Garth's pockets – more than $400. The cash was seized, and when Garth was presented with a written notice that said it was seized because of his possession of crack cocaine, Garth interjected to say the cocaine was powder, not crack – which turned out to be true.

¶5. Garth was tried before a Clay County jury. He presented no witnesses in his defense, and he was convicted.

## DISCUSSION

¶6. On appeal, Garth contends that the drugs were found in an illegal search incident to his arrest. In support, he offers only a cursory argument and a single authority: *Arizona v. Gant*, 556 U.S. 332, 335 (2009), in which the United States Supreme Court held that the search of a vehicle incident to arrest could only be undertaken if it is reasonable to believe that the arrestee might access the vehicle at the time of the arrest, or that the vehicle contains evidence of the crime for which the arrest is made.

¶7. Garth asserts, persuasively, that neither situation occurred here. However, we note that at no point, either at trial or on appeal, has the State ever argued that Garth's vehicle was searched incident to his arrest. Garth appears to have just decided to ignore the independent justification offered by the State for the search. Indeed, the answer to Garth's complaint is contained within *Gant* itself, where the Supreme Court expressly noted the limitations of its holding in that case: "If there is probable cause to believe a vehicle contains evidence of criminal activity, *United States v. Ross*, 456 U.S. 798, 820-21 (1982), authorizes a

3

[warrantless] search of any area of the vehicle in which the evidence might be found." *Gant*, 556 U.S. at 347.

¶8.     It is clear that probable cause existed to search Garth's vehicle. Garth assaulted an officer in an apparent attempt to divert attention so an accomplice could carry away what appeared to be illegal drugs. After Garth was arrested, he was found to be carrying a large amount of cash, and a police dog trained to identify illegal drugs had indicated their presence near the driver's door of the vehicle Garth had been occupying. These circumstances form a substantial basis for the trial court to have found probable cause for a legal warrantless search of the vehicle. *See Shelton v. State*, 45 So. 3d 1203, 1209 (¶15) (Miss. Ct. App. 2010). The circuit court did not err in denying the motion to suppress.

¶9.     **THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY OF CONVICTION OF POSSESSION OF MORE THAN THIRTY GRAMS OF COCAINE AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH AN ADDITIONAL FIVE YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.**